

# The Attorney General of Texas

November 28, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Reagan V. Brown
Commissioner of Agriculture
Stephen F. Austin Building
Austin, Texas 78711

Opinion No. MW-90

Re: Whether a public official may receive an honorarium for delivering a speech.

Dear Mr. Brown:

You have asked if a public official may receive an honorarium. While the term honorarium can have various meanings, Attorney General Opinion H-551 (1975), in your question it is apparent that you are referring to fees for speaking appearances.

There are essentially two barriers to the receipt of an honorarium by public officials. These barriers are found in section 36.08, Penal Code, and article 6252-9b, V.T.C.S. Both statutes must be satisfied before an honorarium may be legally received. It is possible that in extreme instances receipt of an honorarium could also raise questions under sections 36.02 (bribery) or 36.07 (compensation of past official behavior) of the Penal Code. Since these circumstances would fall far beyond the customary concept of an honorarium, they are not encompassed within your inquiry and we need not address them. See also Penal Code, § 36.09.

The initial barrier to receipt of an honorarium is found in section 36.08 of the Penal Code. It provides:

§ 36.08.

(a) A public servant in an agency performing regulatory functions or conducting inspections or investigations commits an offense if he solicits, accepts, or agrees to accept any pecuniary benefit from a person the public servant knows to be subject to regulation, inspection, or investigation by the public servant or his agency.

(b) A public servant in an agency having custody of prisoners commits an offense if he solicits, accepts, or agrees to accept any pecuniary benefit from a person the public servant knows to be in his custody or the custody of his agency.

(c)   A public servant in an agency carrying on civil or criminal litigation on behalf of government commits an offense if he solicits, accepts, or agrees to accept any pecuniary benefit from a person against whom the public servant knows litigation is pending or contemplated by the public servant or his agency.

(d)   A public servant who exercises discretion in connection with contracts, purchases, payments, claims, or other pecuniary trans-actions of government commits an offense if he solicits, accepts, or agrees to accept any pecuniary benefit from a person the public servant knows is interested in or likely to become interested in any contract, purchase, payment, claim, or transaction involving the exercise of his discretion.

(e)   A public servant who has judicial or administrative authority, who is employed by or in a tribunal having judicial or administra-tive authority, or who participates in the enforcement of the tribunal's decision, commits an offense if he solicits, accepts, or agrees to accept any pecuniary benefit from a person the public servant knows is interested in or likely to become interested in any matter before the public servant or tribunal.

(f)   A public servant who is a member of or employed by the legislature or by an agency of the legislature commits an offense if he solicits, accepts, or agrees to accept any pecuniary benefit from any person.

(g)   An offense under this section is a Class A misdemeanor.

It is clear that a speaker's fee would constitute a pecuniary benefit.  Penal Code, § 36.01(5).   The only question would be whether the particular honorarium could be received by that public servant.  Each particular fact situation must be measured against the requirements of this statute.   The provision most likely to be relevant to most officials is subsection (a) which prohibits a public servant from receiving a pecuniary benefit from any person subject to regulation by his agency.  Whether this provision will apply in a specific instance will depend on the duties of the public servant and on the identity of the person who is paying the honorarium.  Since the prohibition in subsection (a) applies only if the public servant has regulatory or investigatory authority over the individual, a person might be able to offer an honorarium to one public servant but not to another, depending on the regulatory powers and duties of the public servant.  Of course, subsection (f) prohibits a legislator from receiving an honorarium from any person unless an exception can be found in another section.

If a particular honorarium is not covered by section 36.08, the Penal Code inquiry is at an end.  If, however, section 36.08 appears on its face to prohibit receipt of the honorarium, section 36.10 of the Penal Code provides several exceptions which might act to remove the honorarium from the prohibited category.  Section 36.10 provides in part:

Sections 36.07 (Compensation for Past Official Behavior), 36.08 (Gift to Public Servant), and 36.09 (Offering Gift to Public Servant) of this code do not apply to:

(1) a fee prescribed by law to be received by a public servant or any other benefit to which the public servant is lawfully entitled or for which he gives legitimate consideration in a capacity other than as a public servant;

(2) a gift or other benefit conferred on account of kinship or a personal, professional, or business relationship independent of the official status of the recipient;

(3) an honorarium in consideration for legitimate services rendered above and beyond official duties and responsibilities if:

(A) not more than one honorarium is received from the same person in a calendar year; and

(B) not more than one honorarium is received for the same service; and

(C) the value of the honorarium does not exceed $250;

(D) the honorarium, regardless of amount, is reported in the financial statement filed under Chapter 421, Acts of the 63rd Legislature, 1973 (Article 6252-9b, Vernon's Texas Civil Statutes), if the recipient is required to file a financial statement under that Act; and

(E) the benefit is used solely to defray the expenses that accrue in the performance of duties or activities in connection with the office which are nonreimbursable by the state or political subdivision;

(4) a benefit consisting of food, lodging, transportation, or entertainment accepted as a guest and reported as required by law; . . .

Although any one of the four portions of section 36.10 listed above will be sufficient to remove a fee from the ambit of section 36.08, the most likely to be applicable is section 36.10(3) which refers specifically to honorariums. If section 36.10(3) is to be applicable, all five requirements numbered (A) through (E) must be satisfied.

The required use of an honorarium under section 36.10(3)(E) is identical to the definition of contribution in the Election Code. Elec. Code, art. 14.01(D). Accordingly an elected official or the Secretary of State should not accept honorariums from a corporation or labor union when section 36.10(3) is the only applicable exception. Elec. Code arts. 14.01(B), (G), 14.06.

Even if it is determined that a particular honorarium is not covered by the Penal Code, it still must be examined in light of article 6252-9b, V.T.C.S. See especially §§ 1, 8. That statute prohibits a state officer from accepting, inter alia, any gift, favor, compensation or employment that might reasonably tend to influence him in the discharge of his official duties. Each situation must be measured on its unique facts, but certainly

any honorarium offered a public servant by a person or industry which is regulated by the public official will at least raise questions under article 6252-9b, even if the honorarium is not covered by the Penal Code.

In summary, any public official who is offered an honorarium should examine the following statutes:

(1) Penal Code § 36.08. This sets out six situations in which receipt of an honorarium would be prohibited. Generally, the statute applies when the public servant has regulatory authority over the person offering the honorarium, but since the legality of any particular honorarium will depend on the identity of the person offering the honorarium and the duties of the public servant, all six provisions of section 36.08 should be consulted. A legislator is prohibited by section 36.08 from accepting an honorarium from any person.

(2) Penal Code § 36.10. Section 36.10 provides exceptions to the offenses created by section 36.08. Thus, it is necessary to examine section 36.10 only if section 36.08 otherwise would prohibit receipt of an honorarium. Legislators, for example, must always be certain that they meet an exception set out in section 36.10. Since most persons will normally have to rely on the exception in section 36.10(3), any honorarium would be limited to $250. When one relies on that exception he may not accept an honorarium from a corporation or labor union. There is no need to consult section 36.10 or to be limited to honorariums of $250 unless section 36.08 would otherwise be violated.

(3) V.T.C.S. art. 6252-9b. Even if an honorarium is permissible under the Penal Code, it may still be prohibited under the ethics law. Basically, this statute prohibits receipt of an honorarium that might tend to influence the public servant in the exercise of his official duties. It must be satisfied before any honorarium may be accepted.

## SUMMARY

An honorarium offered a public official must be measured against chapter 36 of the Penal Code and article 6252-9b, V.T.C.S. Before an honorarium may be legally accepted, it must satisfy the requirements of both statutes.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
Terry Goodman
William G Reid